PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2002 Ford Mustang struck a piece of concrete while he was driving across the bridge on W.Va. Route 60 past the Huntington Mall in Cabell County. W. Va. Route 60 is a road maintained by respondent. The Court is of the opinion to make an award in *25 this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 6:30 p.m. on September 6,2007. The speed limit on W.Va. Route 60 is fifty-five miles per hour. As claimant was driving across the bridge at a speed of less than fifty-five miles per hour, his vehicle struck a chunk of concrete that was approximately nine inches in diameter and five inches long. The loose piece of asphalt was situated in the center of claimant’s lane of traffic and came from a hole at that location. Although claimant noticed the hole in the road, he did not see the chunk of asphalt before his vehicle struck it. Claimant stated that he travels this road frequently and had never encountered this situation prior to the date of the incident. As a result, claimant’s vehicle sustained damage to two wheels ($260.00), and claimant incurred costs for mounting, balancing, and aligning the vehicle’s tires ($182.29). Thus, claimant’s damages total $442.29.
The position of the respondent is that it did not have actual or constructive notice of the condition on W. Va. Route 60 at the site of the claimant’s accident for the date in question. Respondent did not present a witness at the hearing.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the loose piece of asphalt that claimant’s vehicle struck and that it presented a hazard to the traveling public. Photographs in evidence depict that the road was in disrepair at this location. The size of the loose piece of asphalt and the time of the year in which the incident occurred leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does malee an award to the claimant in this claim in the amount of $442.29.
Award of $442.29.